IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| FLOWERS BAKERIES BRANDS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  7:13-cv-138(HL) |
| EARTHGRAINS BAKING COMPANIES, INC. and BIMBO BAKERIES USA, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Flowers Bakeries Brands, LLC ("Flowers") states the following for

its Complaint against Defendants Earthgrains Baking Companies, Inc. and Bimbo

Bakeries USA, Inc. ("Defendants"):

## SUBSTANCE OF THE ACTION

1.      This is an action at law and in equity for trademark infringement, and

unfair competition arising under the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

(the "Lanham Act"), trademark infringement under O.C.G.A. §§ 10-1-450, the

Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.*, the

applicable unfair competition and deceptive trade practices acts of the several

states in which the parties compete, and the common law. This also is an action for

cancellation of U.S. Trademark Reg. No. 1228651 based on Defendants'

abandonment of any rights it may have had in the mark underlying the registration.

2.      Defendants are direct competitors of Flowers, and its affiliated and

related entities, including Flowers Foods, Inc., in the production and marketing of

packaged bread and other bakery goods. Defendants are using the NATURE'S

HARVEST trademark on bread, and are preparing to use (or have stated an intent

to use) the NATURE'S HARVEST trademark in connection with other baked

goods. Defendants' mark is confusingly similar to Flowers' NATURE'S OWN

trademark, and Defendants' use or intended use of the NATURE'S HARVEST

mark is likely to cause confusion and to deceive consumers and the public and will

continue to do so absent relief from this Court.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under Section 39 of the

Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court

has supplemental jurisdiction over Flowers' related state and common-law claims

pursuant to 28 U.S.C. §§ 1338 and 1367.

4.      This Court has personal jurisdiction over Defendants because, on

information and belief, Defendants transact business in this State, have committed

tortious acts in this State, derive substantial revenue or engage in a persistent course of conduct in the State and have committed a tortious act outside the State causing injury in the State, and/or have otherwise established contacts within this State making the exercise of personal jurisdiction proper.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

## THE PARTIES

6.      Flowers is a Delaware limited liability company with an office and principal place of business located at 1919 Flowers Circle, Thomasville, Georgia 31757.

7.      On information and belief, Defendant Earthgrains Baking Companies, Inc. ("Earthgrains") is a Delaware corporation with an office and principal place of business located at 255 Business Center Drive, Horsham, Pennsylvania. Earthgrains is registered with the Georgia Secretary of State to do business in this State and transacts Bibusiness in the State by producing, selling and distributing to retailers, packaged bakery goods.

8.      On information and belief, Defendant Bimbo Bakeries USA, Inc. ("Bimbo USA") is a Delaware corporation with an office and principal place of business located at 255 Business Center Drive, Horsham, Pennsylvania. Bimbo

USA is registered with the Georgia Secretary of State to do business in this State and transacts business in the State by producing, selling and distributing to retailers, packaged bakery goods.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**A.     Plaintiff Flowers and Its Trademarks**

9.     Flowers is a subsidiary of Flowers Foods, Inc., a leading producer and marketer of packaged bakery foods in the United States. Flowers Foods operates 45 bakeries that produce breads, buns, rolls, snack cakes, and pastries, which are distributed fresh to foodservice and retail customers in the Eastern, Southeastern, Southwestern, Western, and mid-Atlantic states.

10.     Since August 25, 1976, Flowers' predecessors and its current licensees continuously have been producing and marketing a variety of fresh breads and buns under the federally registered NATURE'S OWN trademark. The NATURE'S OWN brand is the best-selling soft-variety bread brand in the United States and is famous among consumers and retailers.

11.     On July 10, 1979, Flowers received Reg. No. 1121956 of the following mark in connection with bread from the U.S. Patent and Trademark Office (USPTO):



On August 1, 1984, Flowers filed an affidavit of incontestability for Reg. No. 1121956 under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

12.     On October 31, 1989, Flowers received Reg. No. 1563619 of the following mark in connection with breads from the USPTO:



On December 1, 1994, Flowers filed an affidavit of incontestability under Section 15 of the Lanham Act, 15 U.S.C. § 1065, for Reg. No. 1563619.

13.     On August 11, 1992, Flowers received Reg. No. 1707062 of the NATURE'S OWN mark in connection with bakery products; namely, bread from the USPTO. On August 21, 1997, Flowers filed an affidavit of incontestability for Reg. No. 1707062 under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

14.     On September 13, 2013, Flowers received Georgia State Reg. No. T-26927 of the NATURE'S OWN mark in connection with bakery products, namely, bread.

15.     Flowers' trademarks described in paragraphs 11-14 are collectively referred to as the "NATURE'S OWN Mark." A copy of the certificate of registration for each of the marks described in paragraphs 11-14 is attached as Exhibit A.

16.     The NATURE'S OWN Mark has been used in interstate commerce by Flowers and has achieved significant fame and public recognition in connection with high-quality bread and other bakery goods. Because of its widespread use in the foodservice and retail grocery industry, the NATURE'S OWN Mark has tremendous power as a source identifier.

17.     The NATURE'S OWN Mark became distinctive long before Defendants' activities described in this Complaint, and the NATURE'S OWN Mark continues to serve as an indicator of the source of goods provided by, licensed by, or otherwise affiliated with Flowers.

**B.     Defendants' Unlawful Activities**

18.     Defendants have used the NATURE'S HARVEST mark in connection with bread, and have stated an intent to use the mark in connection with other bakery goods for customers in the foodservice and retail grocery markets.

19.     Defendants were not the original owner of the NATURE'S HARVEST mark. Instead, the original owner of that mark was Metz Baking Co.

6

("Metz").

20.    On March 6, 1981, Metz applied to register the NATURE'S

HARVEST mark with the USPTO. In its application, Metz represented that it had

been using the NATURE'S HARVEST mark in interstate commerce in connection

with "bread and bakery products, namely rolls and stuffing mixes" since March 1,

1978. Metz's claimed first use of the NATURE'S HARVEST mark therefore post-

dates Flowers' first use of the NATURE'S OWN mark by approximately eighteen

months. Metz's application ultimately matured into Reg. No. 1228651 of the

NATURE'S HARVEST mark for use in connection with "bread; and bakery

goods—namely, rolls and stuffing mixes."

21.    On information and belief, because of publicity that Flowers'

NATURE'S OWN mark had received in industry trade publications and because of

Flowers' promotion of that mark, Metz adopted its NATURE'S HARVEST mark

with knowledge of Flowers' prior rights to the NATURE'S OWN mark.

22.    On information and belief, Metz's use of the NATURE'S HARVEST

mark was limited to the markets served by Metz's plants in Utah as of the July 10,

1979 issuance of Flowers' Reg. No. 1121956 of the NATURE'S OWN mark. As a

consequence, any expansion of the mark's use outside of those markets undertaken

by Metz occurred after the issuance of Flowers' registration.

7

23.     On information and belief, after a temporary geographic expansion of the mark's use beyond Utah, Metz and its successors-in-interest reduced the number of bakeries producing baked goods under the NATURE'S HARVEST mark, thereby limiting the geographic area in which goods under the NATURE'S HARVEST mark were offered for sale and sold.

24.     On April 13, 2011, following the intervening ownership of the NATURE'S HARVEST mark and of Reg. No. 1228651 by several other successors in interest to Metz, Defendant Earthgrains was assigned the mark and the registration by Sara Lee Corp., Earthgrains' parent corporation.

25.     On November 5, 2011, Grupo Bimbo, S.A.B. de C.V. ("Grupo Bimbo"), the parent company of Bimbo USA, purchased Earthgrains as part of its acquisition of Sara Lee Bakery Corp.'s baked goods operations.

26.     On information and belief, to the extent the NATURE'S HARVEST mark was in use at the time of Earthgrains' acquisition of the mark and Reg. No. 1228651 or at the time of Grupo Bimbo's acquisition of Earthgrains, the volume of sales were low and were limited to Salt Lake City, Utah and surrounding areas, constituting token use insufficient to maintain trademark rights.

27.     On August 13, 2012, Earthgrains requested the USPTO to amend Reg. No. 1228651 of the NATURE'S HARVEST mark so that the identification of

8

goods in the registration recited simply "bread." The USPTO granted Earthgrains'

request on November 27, 2012.

28.     Prior to the purchase of Sara Lee Corp. and of Earthgrains by Grupo

Bimbo, there was no geographic overlap between use of the NATURE'S OWN

Mark by Flowers' predecessors and licensees and the use of the NATURE'S

HARVEST mark by Defendants and Defendants' predecessors. Beginning with the

introduction of NATURE'S HARVEST-branded goods in Southern California in

February 2013, however, Defendants have greatly expanded their use of the

NATURE'S HARVEST mark into new markets they did not occupy on July 10,

1979. This expansion has brought the parties' respective NATURE'S OWN-

branded and NATURE'S HARVEST-branded goods into direct competition for the

first time.

29.     In addition to expanding the geographic markets in which the

NATURE'S HARVEST mark is used, Earthgrains has represented to the USPTO

that it intends to expand the goods in connection with which Defendants use the

NATURE'S HARVEST mark. On March 12, 2013, Earthgrains filed application

Serial No. 85873633 to register the NATURE'S HARVEST mark for "cookies,

corn chips, corn tostados, buns and rolls." Application Serial No. 85873633 is

based on Earthgrains' intent to use the NATURE'S HARVEST mark in connection

with the goods covered by the application, rather than Earthgrains' actual use of the mark in connection with those goods.  Earthgrains also filed application Serial No. 86004404 to register the NATURE'S HARVEST & Design mark, depicted below on July 8, 2013 for "bread and buns."



30.    On information and belief, Defendants' bread and baked goods are substantively identical to the goods sold by Flowers, and, following Defendants' recent expansion of sales under their NATURE'S HARVEST mark, Defendants now sell their goods to the same foodservice and retail customers as Flowers. Flowers' and Defendants' bread and baked goods are sold in close proximity to each other on grocery store shelves, which has caused, is likely to cause, and inevitably will cause confusion as to source, sponsorship, or affiliation among consumers of these goods.

31.    Defendants' use and expanded use of the NATURE'S HARVEST mark in connection with the distribution and sale of their bread and baked goods is likely to deceive, confuse and mislead prospective purchasers and purchasers into

believing that Defendants' unlicensed and unauthorized goods were produced or authorized by or in some manner associated with Flowers. The actual and likelihood of confusion, mistake, and deception engendered by Defendants' unauthorized and unlicensed use of the NATURE'S HARVEST mark is causing and is likely to continue causing irreparable harm to Flowers.

32.    Purchasers and prospective purchasers viewing Defendants' use and expanded use of the NATURE'S HARVEST mark in connection with Defendants' goods and perceiving a defect, lack of quality, or any impropriety are likely to mistakenly attribute them to Flowers. By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm on the goodwill associated with Flowers' NATURE'S OWN Mark.

33.    Defendants' unauthorized and expanded use of the NATURE'S HARVEST mark in connection with Defendants' bread and baked goods is deliberately calculated to trade on the valuable goodwill and commercial magnetism of Flowers' reputation and identity.

34.    Defendants have long been aware of the fame of the NATURE'S OWN Mark and are willfully and intentionally using and expanding the use of, the NATURE'S HARVEST mark to cause inevitable confusion among consumers and retailers and to trade upon the commercial magnetism and goodwill of the

NATURE'S OWN Mark.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

35.     Flowers repeats and incorporates by reference the allegations

contained in the preceding paragraphs.

36.     Defendants are using confusingly similar imitations of the

NATURE'S OWN Mark in connection with unlicensed and unauthorized goods

and have expanded that use beyond any markets Defendants' predecessor Metz

may have occupied on July 10, 1979. This conduct is likely to cause confusion,

deception, and mistake by creating the false and misleading impression that

Defendants' unlicensed and unauthorized goods are manufactured or distributed by

Flowers or Defendants' goods are associated or connected with Flowers, or have

the sponsorship, endorsement or approval of Flowers.

37.     Defendants are using confusingly similar imitations of the federally

registered NATURE'S OWN Mark in violation of 15 U.S.C. § 1114, and

Defendants' activities have caused and, unless enjoined by this Court, will

continue to cause a likelihood of confusion and deception of members of the trade

and public and, additionally, injury to Flowers' goodwill and reputation as

symbolized by the NATURE'S OWN Mark, for which Flowers has no adequate

remedy at law.

38.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Flowers' NATURE'S OWN Mark to Flowers' great and irreparable injury.

39.     Defendants have caused and are likely to continue causing substantial injury to the public and to Flowers, and Flowers is entitled to injunctive relief, its actual damages, an accounting of Defendants' profits, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**

40.     Flowers repeats and incorporates by reference the allegations contained in the preceding paragraphs.

41.     Defendants' conduct has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are affiliated, connected or associated with Flowers, or have the sponsorship, endorsement, or approval of Flowers.

42.     Defendants have made false representations, false descriptions, and false designations of origin of their goods and services in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Flowers' goodwill and

reputation as symbolized by the NATURE'S OWN Mark to Flowers' great and irreparable injury.

43.    Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Flowers, and Flowers is entitled to injunctive relief, its actual damages, an accounting of Defendants' profits, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117.

**COUNT III**
**TRADEMARK INFRINGEMENT UNDER STATE LAW**

44.    Flowers repeats and incorporates by reference the allegations contained in the preceding paragraphs.

45.    Defendants are using a confusingly similar imitation of the NATURE'S OWN Mark in connection with unlicensed and unauthorized goods, which is likely to cause confusion or mistake or to deceive the public as to the origin of Defendants' products. As a result of Defendants' acts, Flowers has suffered and is likely to suffer irreparable injury to its business reputation and marks.

46.    Defendants infringed Flowers' NATURE'S OWN mark with knowledge and intent to cause confusion mistake or deception.

47.    Defendants' acts constitute a violation of the Georgia trademark infringement statute O.C.G.A. §§ 10-1-450 and 10-1-451.

48.     As a result of Defendants' acts, Defendants have caused and will continue to cause injury to Flowers, and Flowers is entitled to injunctive relief, its actual damages, an accounting of Defendants' profits, and reasonable attorneys' fees pursuant to O.C.G.A. § 10-1-450.

## COUNT IV
## COMMON-LAW TRADEMARK AND UNFAIR COMPETITION

49.     Flowers repeats and incorporates by reference the allegations contained in the preceding paragraphs.

50.     Defendants' conduct constitutes common-law trademark infringement and unfair competition under the laws of the State of Georgia, and has created and will continue to create a likelihood of confusion to Flowers' irreparable injury unless restrained by this Court. Flowers has no adequate remedy at law for this injury.

51.     On information and belief, Defendants' conduct demonstrates a bad faith, intentional, and willful intent to mislead, deceive, and confuse the public.

52.     Defendants' conduct is a violation of the common-law prohibition against trademark infringement and unfair competition.

53.     As a result of Defendants' acts, Flowers is entitled to injunctive relief, to an award of its actual damages, and to an accounting of any profits enjoyed by Defendants as a result of their unlawful conduct. Further, in light of Defendants'

15

fraudulent and willful intent to mislead, deceive, or confuse the public, and the need to deter Defendants from similar conduct in the future, Flowers is entitled to punitive damages.

## COUNT V
## UNFAIR AND DECEPTIVE TRADE PRACTICES

54.    Flowers repeats and incorporates by reference the allegations contained in the preceding paragraphs.

55.    Defendants' conduct is causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Flowers, and otherwise damaging the public. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade or commerce in violation of O.C.G.A. §§ 10-1-370 to 10-1-375 and similar statutes of other States in which the parties are in direct competition, which remain to be determined in discovery.

56.    Flowers is therefore entitled to injunctive relief, to an award of its actual damages, and to an accounting of any profits enjoyed by Defendants as a result of their unlawful conduct.

## COUNT VI
## CANCELLATION OF TRADEMARK REG. NO. 1228651
## BASED ON ABANDONMENT

57.    Flowers repeats and incorporates by reference the allegations contained in the preceding paragraphs.

58.    Earthgrains owns U.S. Registration No. 1228651 of the mark NATURE'S HARVEST for "bread" in Class 30.

59.    On information and belief, Earthgrains and/or its predecessors-in-interest (i) did not make bona fide use in commerce of the mark NATURE'S HARVEST in the United States on or in connection with "bread" for at least three consecutive years and/or such use was inappropriate token use, and (ii) lacked any intent to resume use of the NATURE'S HARVEST mark in connection with bread or other bakery goods.

60.    On information and belief, Earthgrains and/or its predecessors-in-interest abandoned its rights in the NATURE'S HARVEST mark.

61.    Flowers is damaged by the continued presence of Reg. No. 1228651 on the Principal Register of the U.S. Patent and Trademark Office.

62.    Pursuant to 15 U.S.C. § 1119, the Court should cancel Reg. No. 1228651 or limit the registration to the geographic territory in which the NATURE'S HARVEST mark was being used at the time Flowers' Reg. No.

1121956 issued.  The Court should additionally enjoin Earthgrains from pursuing the registration of any other marks consisting of the word NATURE'S HARVEST.

## PRAYER FOR RELIEF

Flowers therefore prays that:

1.      Defendants and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently, from:

a.      using the NATURE'S HARVEST mark, or any other copy, reproduction, colorable imitation, or simulation of the NATURE'S OWN Mark, on or in connection with Defendants' goods; and

b.      using any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to Flowers and its trademarks, including the NATURE'S OWN Mark, by using the NATURE'S HARVEST mark or any trade name or trademark confusingly similar to the NATURE'S OWN Mark;

2.      Defendants be ordered to destroy all goods, signs, labels, brochures, advertising, web sites, and/or promotional materials bearing the NATURE'S HARVEST mark or any other mark confusingly similar to the NATURE'S OWN Mark that are in Defendants' possession or subject to Defendants' control or direction;

3.      Flowers recover its actual damages caused by Defendants' conduct, and that such award be trebled;

4.      Defendants be compelled to account to Flowers for any and all profits derived by Defendants under 15 U.S.C. § 1117, O.C.G.A. § 51-1-6, and the common law, and that such an accounting of profits be trebled;

5.      Flowers be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1 in light of Defendants' fraudulent, intentional, and willful intent to mislead, deceive, or confuse the public, and the need to deter Defendants from similar conduct in the future;

6.      Defendants be required to pay to Flowers the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and the state statutes cited in this Complaint;

7.      The Court order the Director of the U.S. Patent and Trademark Office to annul any claim by Defendants to the NATURE' HARVEST mark, including

cancelling Registration No. 1121956 and invalidating applications Serial Nos. 85873633 and 86004404;

8.     This case be tried before a jury; and

9.     Flowers be awarded such other and further relief as the Court may deem just.

Date: October 9, 2013          Respectfully Submitted,

                               s/William H. Brewster

                               William H. Brewster, GA Bar No. 080422
                               Miles J. Alexander, GA Bar No. 009000
                               Theodore H. Davis Jr., GA Bar No. 2212913
                               Nichole D. Chollet, GA Bar No. 462334

                               Kilpatrick Townsend & Stockton LLP
                               1100 Peachtree Street
                               Suite 2800
                               Atlanta, Georgia 30309-4528
                               404-815-6500 (ph.)
                               404-815-6555 (fax)
                               Email: BBrewster@kilpatricktownsend.com
                                      MAlexander@kilpatricktownsend.com
                                      TDavis@kilpatricktownsend.com
                                      NChollet@kilpatricktownsend.com

                               George R. Lilly, GA Bar No. 452019

                               Alexander & Vann, LLP
                               411 Gordon Ave
                               Thomasville, Georgia 31792
                               229-226-2565 (ph.)
                               229-228-4962 (fax)
                               Email: glilly@alexandervann.com

*Attorneys for Plaintiff Flowers Bakeries Brands, LLC*