IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| FLOWERS BAKERIES BRANDS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EARTHGRAINS BAKING COMPANIES, INC. and BIMBO BAKERIES USA, INC., <br><br> Defendants. | Civil Action No. 7:13-cv-00138-HL |
| EARTHGRAINS BAKING COMPANIES, INC. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> FLOWERS BAKERIES BRANDS, LLC, <br> Counterclaim Defendant. | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff/Counterclaim Defendant Flowers Bakeries Brands, LLC ("Flowers") and Defendant/Counterclaim Plaintiff Earthgrains Baking Companies, Inc. ("Earthgrains") and Defendant Bimbo Bakeries USA, Inc. ("Bimbo") (collectively, "Defendants") having stipulated, through their respective counsel, to the entry of the following Stipulated Protective Order Regarding Confidentiality

("Protective Order"), it is ORDERED that:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential", "Attorneys' Eyes Only" or "Outside Attorneys Eyes Only" will only be used in this proceeding or in other related litigation (including any related proceedings before the Trademark Trial and Appeal Board) between the parties.

2. Use of any information or documents subject to this Protective Order, including all information derived from them, will be restricted solely to the litigation of this case or other related litigation between the parties and will not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, in no way operates to restrict the disclosure or use of any information or documents that are known or become known through means or sources outside of this litigation.

3. The parties and third parties subpoenaed by one of the parties may designate as "Confidential", documents, testimony, or other materials produced in this case, including materials produced by another party, that contain or that could lead to the disclosure of confidential business or commercial information. If any party to this action or subpoenaed third party claims that any document or other material produced by such party or third party is confidential, or that any

information contained in the document or material is confidential, then the party or third party claiming confidentiality must mark the document, and each page of the document, with a stamp identifying it as "Confidential".

     4.     The parties and third parties subpoenaed by one of the parties also may designate as "Attorneys' Eyes Only," documents, testimony, or other materials produced in this case, including materials produced by another party, that contain confidential business or commercial information as to which the designating party contends it would suffer competitive injury if such information were to be disclosed to the other party.  If any party to this action or subpoenaed third party claims that any document or other material produced by such party or third party or any information contained in the document or material falls within this category, then the party or third party claiming confidentiality must mark the document, and each page of the document, with a stamp identifying it as "Attorneys' Eyes Only."

     5.     The parties and third parties subpoenaed by one of the parties also may designate as "Outside Attorneys' Eyes Only," documents, testimony, or other materials produced in this case, including materials produced by another party, that contain trade secret information as defined in O.C.G.A. § 10-1-761(4), for example (and without limitation), the parties' cost, revenue, profit, pricing and income

figures, and current and prospective marketing and related strategic planning materials. If any party to this action or subpoenaed third party claims that any document or other material produced by such party or third party or any information contained in the document or material falls within this category, then the party or third party claiming confidentiality must mark the document, and each page of the document, with a stamp identifying it as "Outside Attorneys' Eyes Only."

6. If a party seeks to rely on documents, testimony, or other materials produced by the other side (the "Producing Party") under a Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only designation in support of any motion or during any hearing or trial, the party must notify the Producing Party at least fourteen (14) days prior to filing the motion, hearing or trial. If the Producing Party objects to the public disclosure of information, it must state its objection within seven (7) days and immediately file a motion with the Court stating a compelling reason for allowing the materials to be filed under seal ("Motion to File Under Seal"). If a party seeks to rely on documents, testimony or other materials produced by the Producing Party under a Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only designation in opposition to any motion, or in reply to any opposition and the documents, testimony or materials have not otherwise been identified in a Motion to File Under Seal, the party

must notify the Producing Party at least ten (10) business days prior to filing said opposition or reply. If the Producing Party objects to the public disclosure of information, it must state its objection within seven (7) business days and immediately file a motion with the Court stating a compelling reason for allowing the materials to be filed under seal. The parties agree to work in good faith to prevent the disclosure of material marked Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only until the Court issues an Order on the Motion to File Under Seal.

7. Portions of documents or other materials deemed Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only filed with the Court shall be filed under seal and marked as follows:

> CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL, ATTORNEYS' EYES ONLY OR OUTSIDE ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPHS 10, 11, AND 12 OF THE PROTECTIVE ORDER.

8. Within thirty (30) days after receipt of the final copy of the transcript of the deposition of any party or witness in this case, if the questioning is such that the party or witness determines that the answers disclose Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only information, any party or witness may

designate that information as Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only. Unless otherwise agreed, all deposition transcripts will be treated as Outside Attorneys' Eyes Only until the expiration of such thirty-day (30) period. When a transcript or testimony from a transcript containing or comprised of Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Information is filed with the Court, the procedures outlined in Paragraph 6 must be adhered to.

9. Sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

10. Use of any information and documents marked Confidential, including all information derived from them, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Directors, officers and employees of the parties for whom it is necessary for the prosecution or defense of this litigation to disclose the confidential information or documents. Said disclosures shall be reasonably limited to those materials that are necessary for the specific purpose of the disclosure.

    b. Counsel for any party to this case, including all outside or in-house counsel, paralegals, assistants, administrative assistants, and other employees of counsel.

    c. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for

    purposes of this case, provided that such individual executes a statement agreeing to be bound by this Protective Order. A draft Agreement to be Bound to the Stipulated Protective Order is attached as **Exhibit 1**.

  d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

  e. The authors and original recipients of the documents.

  f. Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

11. Use of any information, documents, or portions of documents marked Attorneys' Eyes Only, including all information derived from them, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

  a. Outside counsel for any party to the above-captioned litigation, and all employees of outside counsel's firms, including, but not limited to, paralegal assistants, administrative assistants, and other employees of counsel.

  b. In-house counsel for any party to the above-captioned litigation, including, but not limited to, paralegal assistants and administrative assistants within the party's legal department, provided that these individuals are actively involved in the litigation.

  c. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such

7

        consultant or expert) retained by a party or its attorneys for purposes of this case, provided that such individual executes a statement agreeing to be bound by this Protective Order. A draft Agreement to be Bound by the Stipulated Protective Order is attached as **Exhibit 1.**

    d.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    e.    The authors and the original recipients of the documents.

    f.    Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

12.    Use of any information, documents, or portions of documents marked Outside Attorneys' Eyes Only, including all information derived from them, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.    Outside counsel for any party to the above-captioned litigation, and all employees of outside counsel's firms, including, but not limited to, paralegal assistants, administrative assistants, and other employees of counsel.

    b.    In-house counsel for any party to the above-captioned litigation, provided that (i) these individuals are actively involved in the litigation, (ii) the individuals execute a statement agreeing to be bound by this Protective Order, and (iii) any review of documents or designated information occurs within the offices of outside counsel, at a deposition, or at a hearing. In-house counsel is prohibited from reviewing documents or materials

8

        marked Outside Attorneys' Eyes Only within its corporate offices, removing documents or materials marked Outside Attorneys' Eyes Only from the offices of outside counsel, copying any documents or materials marked Outside Attorneys' Eyes Only, taking notes regarding information and/or documents marked Outside Attorneys' Eyes Only or disclosing any information marked Outside Attorneys Eyes' Only to anyone who is not authorized by this Protective Order to receive such information, including (but not limited to) any directors, officers and employees of its company. A draft Agreement to be Bound by the Stipulated Protective Order is attached as **Exhibit 1**.

    c. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this case, provided that such individual executes a statement agreeing to be bound by this Protective Order. A draft Agreement to be Bound by the Stipulated Protective Order is attached as **Exhibit 1.**

    d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    e. The authors and the original recipients of the documents.

    f. Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

13. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information as provided under federal law. Nothing in this Protective Order shall prejudice any party from seeking

amendments to it, broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to Order by the Court.

14.     Upon the request of the producing party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only information must either destroy or return to the producing party all information and documents subject to this Protective Order and any copies.  In the event material is destroyed pursuant to this paragraph, written confirmation of the destruction shall be provided to the producing party.  In the event the material is returned pursuant to this paragraph, this material shall be delivered in sealed envelopes marked "Confidential", "Attorneys Eyes Only" or "Outside Attorneys' Eyes Only" to respective counsel.  Notwithstanding the foregoing, after the conclusion of this action and any appeals arising therefrom, counsel of record may retain one copy of any pleadings, drafts, memoranda, correspondence, filings, discovery request, and responses (but not document production), deposition transcripts and exhibits, expert reports and exhibits, declaration and papers filed with the Court and exhibits, and attorney work product (including court papers, transcripts, and

attorney work product that contain information or material designated by another party as "Confidential", "Attorney' Eyes Only" or "Outside Attorneys' Eyes Only".

15.     Each party reserves the right to dispute the Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only status claimed by any other party or subpoenaed party in accordance with this Protective Order.  The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court.

16.     If any party believes that any information or documents have been inappropriately designated by another party or subpoenaed party as Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only, the party must, in writing, inform counsel for the party or the witness claiming the protected status.  If the parties and/or the witness are unable to resolve the matter informally, the party objecting to the claim to protected status may then file an appropriate motion before the Court, and the burden shall be on the moving party to prove the necessity of exclusion from this Protective Order.  A party who disagrees with another party's, third party's, or witness's Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by Order of

the Court. The inadvertent failure to designate a document, testimony, or other information as Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only, prior to or at the time of disclosure, will not operate as a waiver of the party's right to later designate said document, testimony, or other information as Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only. The restrictions on disclosure and use of confidential information will survive the conclusion of this action, and in addition shall apply to any archival materials retained by outside counsel pursuant to Paragraph No. 14.

17. The Court shall not retain jurisdiction of this case for purposes of enforcing this Protective order once the case has been terminated. Any future enforcement efforts relating to this Protective Order must be raised through a new and separate action.

IT IS SO ORDERED, this __10th__ day of __July__, 2014.

                                                __s/ Hugh Lawson__
                                                The Honorable Hugh Lawson
                                                United States Senior District Judge

Stipulated and consented to by:

| | |
|---|---|
| /s/ R. Charles Henn Jr.<br>William H. Brewster, Ga. Bar No. 080422<br>Miles J. Alexander, Ga. Bar No. 009000<br>Theodore H. Davis Jr., Ga Bar No. 2212913<br>Nichole Davis Chollet, Ga Bar No. 462334<br><br>Kilpatrick Townsend & Stockton LLP<br>Suite 2800, 1100 Peachtree Street<br>Atlanta, GA 30309-4528<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>Email: BBrewster@ktslaw.com<br>          MAlexander@ktslaw.com<br>          TDavis@ktslaw.com<br>          NChollet@ktslaw.com<br><br>George R. Lilly, Ga Bar No. 452019<br><br>Alexander & Vann, LLP<br>411 Gordon Ave.<br>Thomasville, GA 31792<br>Telephone: (229) 226-2565<br>Facsimile: (229) 228-4962<br>Email: GLilly@alexandervann.com<br><br>*Attorneys for Plaintiff/Counterclaim Defendant Flowers Bakeries Brands, LLC* | /s/ John T. Gabrielides<br>H. Jerome Strickland (GA Bar No. 687700)<br>JONES CORK & MILLER LLP<br>5th Floor SunTrust Bank Bldg.<br>435 Second Street<br>Macon, Georgia 31201<br>Telephone: (478) 745-2821<br>Facsimile: (478) 743-9609<br>Email: jerome.strickland@jonescork.com<br><br>Jeffery A. Handelman<br>John T. Gabrielides<br>Howard S. Michael<br>Scott J. Slavick<br>Jeffrey J. Catalano<br>Danielle C. Cendrowski<br>BRINKS GILSON & LIONE<br>NBC Tower – Suite 3600<br>455 N. Cityfront Plaza Drive<br>Chicago, Illinois 60611-5599<br>Telephone: (312) 321-4200<br>Facsimile: (312) 321-4299<br>Email: jhandelman@brinksgilson.com<br>          jtg@brinksgilson.com<br>          hmichael@brinksgilson.com<br>          sslavick@brinksgilson.com<br>          jcatalono@brinksgilson.com<br>          dcendrowski@brinksgilson.com |

Case 7:13-cv-00138-HL   Document 22   Filed 07/10/14   Page 15 of 18

|  | J. Converse Bright (GA Bar No. 081900)<br>CONVERSE BRIGHT LAW<br>The McKey Building<br>101 E. Central Avenue<br>Valdosta, Georgia 31603<br>Telephone: (229) 247-7846<br>Facsimile: (229) 245-0693<br>Email: cbright@conversebrightlaw.com<br><br>*Attorneys for Defendants Earthgrains Baking Companies, Inc. and Bimbo Bakeries USA, Inc.* |
|---|---|

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| FLOWERS BAKERIES BRANDS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 7:13-cv-00138-HL ) |
| EARTHGRAINS BAKING COMPANIES, INC. and BIMBO BAKERIES USA, INC., | ) ) ) ) |
| Defendants. | ) |
| EARTHGRAINS BAKING COMPANIES, INC. | ) ) ) |
| Counterclaim Plaintiff, | ) ) |
| v. | ) ) |
| FLOWERS BAKERIES BRANDS, LLC, | ) ) |
| Counterclaim Defendant. | ) |

STATE OF _____

COUNTY OF _____

The undersigned, being first duly sworn and under oath, states that:

1.  I have read and understand the Stipulated Protective Order filed in the above-captioned case and I agree to abide by, and be bound by, its terms.

1

2. I understand that I may be found in contempt of court if I violate this Stipulated Protective Order.

3. I consent to the exercise of personal jurisdiction over me by this Court for purposes of enforcing this Stipulated Protective Order.

_____

Subscribed and sworn to before me
this _____ day of _____, 2014

_____
Notary Public