IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| FLOWERS BAKERIES BRANDS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 7:13-cv-00138-HL<br>) |
| EARTHGRAINS BAKING COMPANIES, INC. and BIMBO BAKERIES USA, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |
| EARTHGRAINS BAKING COMPANIES, INC. | )<br>)<br>) |
| Counterclaim Plaintiff, | )<br>) |
| v. | )<br>) |
| FLOWERS BAKERIES BRANDS, LLC, | )<br>)<br>) |
| Counterclaim Defendant. | ) |

**REVISED SCHEDULING AND DISCOVERY ORDER**

The parties held a Rule 26(f) conference on January 6, 2014. In accordance with the Court's Rules 16 and 26 Order dated December 3, 2013 (Dkt. 10), the parties to the action jointly developed a scheduling and discovery report containing deadlines and limitations as follows:

I.  **Nature of the Case:**

Plaintiff/Counterclaim Defendant Flowers Bakeries Brands, LLC ("Flowers" or "Plaintiff") is a subsidiary of Flowers Foods, Inc., a leading producer and marketer of packaged bakery products in the United States. Flowers alleges that, since at least as early as 1976, it has produced and marketed a variety of fresh breads and buns under the NATURE'S OWN trademark. Flowers owns several incontestable U.S. trademark registrations of marks consisting of, or incorporating, the words NATURE'S OWN.

Flowers alleges that the use of the NATURE'S HARVEST mark by Defendant/Counterclaim Plaintiff Earthgrains Baking Companies, Inc. ("Earthgrains") and Defendant Bimbo Bakeries USA, Inc. ("Bimbo") (collectively, "Defendants") infringes Flowers' NATURE'S OWN mark and constitutes unfair competition. Therefore, Flowers brings this action against for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, trademark infringement under O.C.G.A. § 10-1-450, the Georgia Uniform Deceptive Trade Practice Act, O.C.G.A. §§ 10-1-370 *et seq.*, the applicable unfair competition and deceptive trade practice acts of the several states in which the parties compete, and the common law. Flowers also seeks cancellation of U.S. Trademark Reg. No. 1228651 based on Defendants' abandonment of any rights they may have had in the mark underlying the registration.

Defendants are leading producers and marketers of packaged bakery products in the United States. Defendants allege that the term "nature" as used by Flowers in its mark NATURE'S OWN in connection with its bread and bakery products is merely descriptive and Flowers does not own any valid, enforceable or exclusive rights in the term. Defendants further allege that, to the extent Flowers is found to have any rights in the term NATURE'S OWN, there is no likelihood of confusion between Flowers' use of the term NATURE'S OWN and Earthgrains' use of its mark NATURE'S HARVEST because of, among other reasons, the prominent use of Earthgrains' NATURE'S HARVEST mark to identify the source of its bread for over thirty years.

Defendants also allege that U.S. Trademark Reg. No. 1228651 is valid and the mark covered by the registration has not been abandoned.

Earthgrains alleges that its right to use the NATURE'S HARVEST mark in connection with bread is protected pursuant to 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b)(5).

Defendants also allege that they are entitled to a declaration that Defendants neither have infringed Flowers' alleged rights in NATURE'S OWN nor committed any related act of unfair competition under the Lanham Act, Georgia statutory law, or common law as necessary and appropriate so that Earthgrains may fairly use its mark NATURE'S HARVEST.

## II. Counsel of Record:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff/Counterclaim Defendant**

    William H. Brewster
    Kilpatrick Townsend & Stockton
    1100 Peachtree St. N.E.
    Suite 2800
    Atlanta, Georgia 30309
    Facsimile: (404) 541-3139
    Telephone: (404)815-6500
    Email: bbrewster@kilpatricktownsend.com

**Defendants & Counterclaimant**

    Jeffery A. Handelman
    Brinks Gilson & Lione
    NBC Tower – Suite 3600
    455 N. Cityfront Plaza Drive
    Chicago, Illinois 60611-5599
    Facsimile: (312) 321-4299
    Telephone: (312) 321-4200
    Email: jhandelman@brinksgilson.com

## III. Discovery

### A. <u>Initial Disclosures</u>

The parties will make their Rule 26(a) initial disclosures no later than January 16, 2014, which is no later than fourteen (14) days after the parties' Rule 26(f) conference. The parties do not believe any changes should be made to the timing, form, or requirement of Rule 26(a) initial disclosures.

B. <u>**Time For Discovery**</u>

The parties discussed a discovery plan.  The parties anticipate extensive fact discovery, including extensive third party discovery.  Therefore, the parties agree that they require **330** days to complete fact discovery.

Further, because of the nature of the case and the claims, the parties anticipate that each side will retain expert witnesses who will rely on facts obtained during discovery.  For this reason, the parties propose that fact discovery and expert discovery be sequenced.  The parties propose the following discovery schedule:

| | |
|---|---|
| Deadline to Submit Initial Disclosures: | January 16, 2014 |
| Fact Discovery Cut Off: | **November 26, 2014** |
| Plaintiff must disclose the identity and general subject matter of any expert witness on or before: | **December 10, 2014** |
| Plaintiff must produce expert reports: | **December 29, 2014** |
| Defendants must disclose the identity and general subject matter of any expert witness on or before: | **January 9, 2015** |
| Defendants must produce expert reports: | **January 29, 2015** |
| Plaintiff's Rebuttal Report on New Issues:<br> *If the defendant designates an expert where the plaintiff has not previously designated an expert, the plaintiff shall have 30 days from the | **February 27, 2015** |

5

designation of the defendant's expert within which to designate a rebuttal expert witness.

Expert Discovery Cut Off:                    **March 31, 2015**

No discovery request may be served unless the response to the request can be completed within the time specified by the rules and within the discovery period. Except by written consent of the parties first filed with the Court, no deposition shall be scheduled beyond the discovery period.

Discovery directed to experts is limited to depositions and document requests.

If a party believes that more time for discovery is needed, an appropriate motion may be filed setting forth good cause for an extension.

### C. Subjects of Discovery

The parties identify the following subjects on which discovery may be needed:

1. Flowers' allegations of liability;
2. Defendants' affirmative defenses;
3. Earthgrains's counterclaim;
4. Flowers' affirmative defenses to Earthgrains's counterclaim;
5. The monetary relief, if any, to which Flowers is entitled; and
6. Any other issues raised in discovery.

As discussed above, the parties propose that fact and expert discovery be sequenced, with fact discovery concluding on **November 26, 2014** and expert discovery closing on **March 31, 2015**.

### D. Electronically Stored Information

When producing electronically stored information ("ESI"), each party will provide single page tiff files, document-level OCR or extracted text named to match the bates number and corresponding Concordance load files.  Upon reasonable request, each party will produce spreadsheets (e.g., Excel files) and PowerPoint files in native format.  As necessary, the parties by mutual agreement may amend the format in which ESI is exchanged.  The parties may discuss an agreement regarding metadata that may be exchanged.

### E. Privilege Claims and Protective Order

Because the case will likely involve discovery of proprietary information, the parties request that the Court enter the Stipulated Protective Order attached as **Exhibit A**.

### F. Changes to Discovery Limitations

The parties propose the following amendments to the limits placed on discovery by the Federal and Local Rules:

1. No more than a total of twenty-five (25) interrogatories, counted in accordance with Federal Rules of Civil Procedure 33(a), will be served on each party.

2. No more than a total of thirty-five (35) requests for production of documents and things will be served on each party.

3. Except for requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B), no more than a total of thirty-five (35) requests for admission will be served on each party.

4. No more than ten (10) non-expert depositions will be taken of each side and all depositions occur where the deponent is located, unless the deponent consents to another location.

5. The parties anticipate that third-party discovery may be necessary. A party obtaining documents from a third party pursuant to a subpoena shall serve a copy of such documents on the other party within five (5) business days of receipt from the third party. Third-party depositions shall be scheduled on dates that are convenient to both parties. Depositions of third parties shall not count against the 10-deposition limit set forth in F.4., above.

### G. Other Discovery Matters

As discussed above, the parties request that the Court enter the Protective Order attached as **Exhibit A**. The parties also agree to electronic service of all documents. For purposes of calculating response deadlines, electronic service, including email and EDF, shall be treated as if service were made via First Class mail. The parties are not aware of any additional actual or potential discovery problems at this time.

### H. Expert Witnesses

A party who desires to use the testimony of any expert witness is required to designate the expert according to the following schedule:

| | |
|---|---|
| Plaintiff must disclose the identity and general subject matter of any expert witness on or before: | **December 10, 2014** |
| Plaintiff must produce expert reports: | **December 29, 2014** |
| Defendants must disclose the identity and general subject matter of any expert witness on or before: | **January 9, 2015** |
| Defendants must produce expert reports: | **January 29, 2015** |
| Plaintiff's Rebuttal Report on New Issues: | **February 27, 2015** |

*If the defendant designates an expert where the plaintiff has not previously designated an expert, the plaintiff shall have 30 days from the designation of the defendant's expert within which to designate a rebuttal

9

expert witness.

    Expert Discovery Cut Off: **March 31, 2015**

The designation of an expert witness must be accompanied by a written report prepared and signed by the expert in accordance with Rule 26(a)(2)(B). Any designated expert witness must be available to be deposed during the discovery period.

## IV. Motion Deadlines

    A.    All motions to join other parties or to otherwise amend the pleading must be filed as soon as the need for joinder or amendment is discovered. The deadline to file any motion to amend is **October 27, 2014**, that being no more than thirty (30) days before the expiration of fact discovery in this case.

    B.    All <u>Daubert</u> motions must be filed on or before **April 30, 2015**, that being no more than thirty (30) days after the expiration of discovery in this case. The parties are instructed not to file <u>Daubert</u> motions as part of dispositive motions.

    C.    All dispositive motions shall be filed on or before **May 15, 2015**, that being no more than forty-five (45) days after the expiration of discovery in this case.

**V.     Other Matters**

A. The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from the limitation on the number of requests to admit that can be propounded.

B. The parties request that the interrogatories, requests for production of documents, requests for admission, and depositions be limited as identified above. The parties may not exceed the proposed limits without filing a motion and receiving written permission from the Court.

C. All applications to the Court for orders must be presented in the form of written motions filed pursuant to Local Rules. Letters, faxes, and telephone calls will not be accepted in lieu of a properly filed motion unless requested or otherwise by the Court.

D. Any request for leave of absence should be filed in the form of a motion. The Court will not consider notices filed pursuant to Uniform Superior Court Rule 16.

E. Do not send courtesy copies of letters, motions, or briefs to the Court.

F. This Scheduling and Discovery Report must be filed as a .pdf document.

G. This schedule shall not be modified expect upon a showing of good cause and by leave of Court.

The Court, having reviewed the information contained in the Revised Scheduling and Discovery Report contemplated and filed jointly by the parties to this action, hereby adopts the parties' plan and MAKES IT THE ORDER OF THE COURT.

**SO ORDERED,** this 10th day of November, 2014.

                         s/ Hugh Lawson
                         HUGH LAWSON
                         United States Senior District Judge

| | |
|---|---|
| /s/William H. Brewster<br>William H. Brewster, Ga. Bar No. 080422<br>Miles J. Alexander, Ga. Bar No. 009000<br>Theodore H. Davis Jr., Ga Bar No. 2212913<br>R. Charles Henn Jr., Ga Bar No. 347098<br>Nichole Davis Chollet, Ga Bar No. 462334<br><br>Kilpatrick Townsend & Stockton LLP<br>Suite 2800, 1100 Peachtree Street<br>Atlanta, GA 30309-4528<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>Email: BBrewster@ktslaw.com<br>      MAlexander@ktslaw.com<br>      TDavis@ktslaw.com<br>      CHenn@ktslaw.com<br>      NChollet@ktslaw.com | /s/ Howard S. Michael<br>H. Jerome Strickland (GA Bar No. 687700)<br>JONES CORK & MILLER LLP<br>5th Floor SunTrust Bank Bldg.<br>435 Second Street<br>Macon, Georgia 31201<br>Telephone: (478) 745-2821<br>Facsimile: (478) 743-9609<br>Email: jerome.strickland@jonescork.com<br><br>Jeffery A. Handelman (*Pro hac vice*)<br>John T. Gabrielides (*Pro hac vice*)<br>Howard S. Michael (*Pro hac vice*)<br>Scott J. Slavick (*Pro hac vice*)<br>Jeffrey J. Catalano (*Pro hac vice*)<br>Danielle C. Cendrowski (*Pro hac vice*)<br>BRINKS GILSON & LIONE<br>NBC Tower – Suite 3600<br>455 N. Cityfront Plaza Drive<br>Chicago, Illinois 60611-5599<br>Telephone: (312) 321-4200 |

| | |
|---|---|
| George R. Lilly, Ga Bar No. 452019<br><br>Alexander & Vann, LLP<br>411 Gordon Ave.<br>Thomasville, GA 31792<br>Telephone: (229) 226-2565<br>Facsimile: (229) 228-4962<br>Email: GLilly@alexandervann.com<br><br>*Attorneys for Plaintiff/Counterclaim Defendant Flowers Bakeries Brands, LLC* | Facsimile: (312) 321-4299<br>Email: jhandelman@brinksgilson.com<br>       jtg@brinksgilson.com<br>       hmichael@brinksgilson.com<br>       sslavick@brinksgilson.com<br>       jcatalono@brinksgilson.com<br>       dcendrowski@brinksgilson.com<br><br>J. Converse Bright (GA Bar No. 081900)<br>CONVERSE BRIGHT LAW<br>The McKey Building<br>101 E. Central Avenue<br>Valdosta, Georgia 31603<br>Telephone: (229) 247-7846<br>Facsimile: (229) 245-0693<br>Email: cbright@conversebrightlaw.com<br><br>*Attorneys for Defendants Earthgrains Baking Companies, Inc. and Bimbo Bakeries USA, Inc.* |