IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **FLOWERS BAKERIES BRANDS, LLC**,<br><br>    Plaintiff,<br><br>v.<br><br>**EARTHGRAINS BAKING COMPANIES, LLC and BIMBO BAKERIES USA, INC.**,<br>    Defendants. | Civil Action No. 7:13-CV-138 (HL) |

## ORDER

On October 7, 2014, counsel for Plaintiff contacted the Court for guidance resolving an ongoing discovery dispute with Defendants. Plaintiff contended that Defendants should be required to produce un-redacted copies of non-privileged documents that are relevant and responsive to Plaintiff's discovery requests. Defendants responded with the explanation that they redacted portions of documents that addressed other products distributed by Defendants under other marks as those excerpts are neither relevant nor responsive. Both parties provided illustrations of the documents in question in both unredacted and redacted form for the Court's review.

The Court scheduled a telephone conference to address this matter on October 15, 2014. However, after realizing the scope and volume of the

documents in question, the Court found it prudent to cancel the teleconference and instead schedule an in-person hearing. Counsel for all parties thereafter appeared before the Court on November 24, 2014. After outlining the nature of the dispute, the parties informed the Court that further discussion among counsel would be prudent. The parties thereafter resolved their disagreement. Counsel for Defendants announced the agreement of the parties, which the Court now adopts:

1. Defendants shall produce the requested documents in unredacted format by December 5, 2014. Due to the sheer volume of the documentation in question and the likelihood that additional depositions will be necessitated, the period for fact discovery, which was scheduled to end on December 26, 2014, shall be extended to February 13, 2015. All other deadlines shall likewise be extended by 45 days.

2. Paragraph 6 of the Protective Order shall be amended as follows:

If a party seeks to rely on documents, testimony, or other materials produced by the other side (the "Producing Party") under a Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only designation in support of any motion or during any hearing or trial, the party must notify the Producing Party at least fourteen (14) days prior to filing the motion, hearing or trial. If the Producing Party objects to the public disclosure of information, (A) it shall propose a redacted version of the information, and the parties shall work in good

faith to agree on a mutually acceptable redacted version; and (B) it must state its objection within seven (7) days and immediately file a motion with the Court stating a compelling reason for allowing the materials to be filed under seal ("Motion to File Under Seal"). If a party seeks to rely on documents, testimony or other materials produced by the Producing Party under a Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only designation in opposition to any motion, or in reply to any opposition and the documents, testimony or materials have not otherwise been identified in a Motion to File Under Seal, the party must notify the Producing Party at least ten (10) business days prior to filing said opposition or reply. If the Producing Party objects to the public disclosure of information, (A) it shall propose a redacted version of the information, and the parties shall work in good faith to agree on a mutually acceptable redacted version; and (B) it must state its objection within seven (7) business days and immediately file a motion with the Court stating a compelling reason for allowing the materials to be filed under seal. The parties agree to work in good faith to prevent the disclosure of material marked Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only until the Court issues an Order on the Motion to File Under Seal.

    3.    The parties agree that if a party seeks to rely on a document, testimony, or other material produced under a Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only designation in support of any motion, or during

3

any hearing or trial proceeding, the party shall notify the receiving party at least fourteen (14) days prior to the filing of the motion, hearing, or trial. The producing party, (A) may propose a redacted version of the information, and the parties shall work in good faith to agree on a mutually accepted redacted version; and (B) may file a motion with the Court within seven (7) business days stating a compelling reason for allowing the material to be filed under seal. Likewise, if a party seeks to rely on a document, testimony, or other materials that it produced under a Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only designation, in opposition to any motion, or in reply to any opposition, and the document, testimony, or materials have not otherwise been identified in a motion to file under seal, the parties shall notify the receiving party at least ten (10) business days prior to filing said oppositional reply. The producing party, (A) may propose a redacted version of the information, and the parties shall work in good faith to agree on a mutually acceptable redacted version; and (B) may file a motion with the Court within seven (7) business days stating a compelling reason for allowing the material to be filed under seal. The parties agree to work in good faith to prevent the disclosure of material marked Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only until the Court issues an Order on the Motion to File Under Seal.

**SO ORDERED**, this 7th day of January, 2015, *nunc pro tunc* November 24, 2014.

                              *s/ Hugh Lawson*
                              **HUGH LAWSON, SENIOR JUDGE**

aks